IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED FINANCIAL CASUALTY COMPANY                     PLAINTIFF

v.                              Case No. 4:15-cv-00192-KGB

DON ALLEN PEARSON, *et al.*                            DEFENDANTS

## OPINION AND ORDER

On April 3, 2015, plaintiff United Financial Casualty Company ("UFCC") filed this action for declaratory judgment against defendants pursuant to Federal Rule of Civil procedure 57 and 28 U.S.C. § 2201 *et seq.* (Dkt. No. 16, ¶ 30). UFCC is the underwriting company that issued two insurance policies at issue in this matter. UFCC is affiliated with the more commonly known Progressive Group of Insurance Companies ("Progressive") (*Id.*, at 2, FN 1). UFCC seeks a declaration of the rights and other legal relations of the parties pursuant to policies of insurance issued by UFCC to defendant Don Allen Pearson.

Before the Court are UFCC's motion to voluntarily dismiss separate defendants (Dkt. No. 64), UFCC's motion for summary judgment (Dkt. No. 65), and UFCC's motion for default judgment (Dkt. No. 70). No defendant has responded to any of the pending motions.

For the reasons set forth below, the Court grants UFCC's motion for summary judgment (Dkt. No. 65). All other pending motion are denied as moot (Dkt. Nos. 64, 70).

### I.      Factual Background

Unless otherwise noted by citation, the following facts are taken from UFCC's statement of undisputed facts in support of its motion for summary judgment (Dkt. No. 67), to which none of the defendants have responded. Local Rule 56.1(b) of the United States District Court for the Eastern and Western Districts of Arkansas requires a non-moving party to supply the Court with

a statement of material facts "as to which it contends a genuine issue exists to be tried."  *See*

*Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1088 (8th Cir. 2011).  Federal Rule of Civil

Procedure 56(e) states that "[i]f a party fails to properly support an assertion of fact or fails to

properly address another party's assertion of fact as required by Rule 56(c), the court may:

> (1) give an opportunity to properly support or address the fact;

> (2) consider the fact undisputed for purposes of the motion;

> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

> (4) issue any other appropriate order."

Because no defendant has responded, the Court will consider the following facts undisputed for

the purposes of this motion pursuant to Rule 56(e)(2).

UFCC issued a commercial auto policy, Policy Number 02474899-0, to Mr. Pearson for

the policy period of November 4, 2013, through November 4, 2014 (Dkt. No. 67, Ex. A).

Because of Mr. Pearson's failure to make his payments, UFCC/Progressive mailed to Mr.

Pearson a cancellation notice on March 13, 2014, regarding UFCC Policy Number 02474899-0

(*Id.*, Ex. C).  The cancellation notice read, in pertinent part:  "Unfortunately, we didn't receive

your payment and, as a result, your policy will be canceled at 12:01 a.m. on March 25, 2014.

Please know that this means you will no longer have insurance coverage." (*Id.*).   The

cancellation notice stated, however, that Mr. Pearson could avoid a lapse in coverage by making

his payment prior to the March 25, 2014, cancellation deadline.

On March 26, 2014, UFCC/Progressive mailed to Mr. Pearson a final bill regarding

UFCC Policy Number 02474899-0, which explicitly stated that Mr. Pearson no longer had

insurance under the UFCC policy, effective March 25, 2014 (*Id.*,¶ 3; Ex. D).  On April 15, 2014,

UFCC/Progressive mailed to Mr. Pearson a second final bill regarding UFCC Policy Number

02474899-0, which similarly read, in pertinent part, as follows: "Please note that you no longer have insurance with us, effective March 25, 2014." (*Id.*, ¶ 4; Ex. E). UFCC contends that Progressive's cancellation of Mr. Pearson's policy was effective and that Progressive fully complied with Arkansas law and the Cancellation and Nonrenewal Endorsement included in UFCC Policy Number 02474899-0. Ark. Code Ann. § 23-66-206(9); (*Id.*, ¶ 20).

At around 3:11 p.m. CST, on June 2, 2014, a 1993 Peterbilt tractor-trailer either owned or leased by Mr. Pearson and being driven by Jerry Hickman was involved in an accident on U.S. Highway 65 near its intersection with Arkansas Highway 16 East in Van Buren County, Arkansas. Mr. Hickman was transporting logs, which spilled from the trailer after a tire blew out on the tractor-trailer, causing injuries to several people and killing at least two others. At the time the accident occurred, Mr. Hickman was not an employee of Mr. Pearson, did not have Mr. Pearson's permission to operate the tractor-trailer, and was not acting at the behest of Mr. Pearson (*See* Dkt. No. 67, Ex. G).

At 6:08 p.m. EST, on June 2, 2014, Sherry Ragland, on behalf of Mr. Pearson, called Progressive and attempted to reinstate UFCC Policy Number 02474899-0 (Dkt. No. 67, Ex. H). The Progressive representative informed Ms. Ragland and Mr. Pearson, who could allegedly be heard in the background, that the policy could not be reinstated. The Progressive representative said that Mr. Pearson had to pay the balance owed on Policy Number 02474899-0, which had been cancelled for nonpayment, and pay a down payment on a new policy before UFCC would issue a new policy to Mr. Pearson. During their conversations with the Progressive/UFCC representative on June 2, 2014, neither Ms. Ragland nor Mr. Pearson mentioned the aforementioned accident, which had occurred just a few hours earlier.

Mr. Pearson made the necessary payments, and UFCC issued to Mr. Pearson a new commercial auto policy, UFCC Policy Number 03150888-0, with an effective date and time of June 2, 2014, at 7:26 p.m. EST (*Id.*,¶ 8; Ex. J).  The declarations page for UFCC Policy Number 03150888-0 provides as follows:  "Your coverage began the later of June 2, 2014, at 12:01 a.m. or at the time your application is executed on the first day of the policy period." (*Id.*, ¶ 11).  The application for insurance that UFCC sent to Mr. Pearson for his signature shows the effective date and time for UFCC Policy Number 03150888-0 as June 2, 2014, at 7:26 p.m. EST.  The declarations page of UFCC Policy Number 03150888-0 lists only Mr. Pearson and Brandon Wells as rated drivers (Dkt. No. 67, Ex. K).

UFCC Policy Number 03150888-0 provides the following pertinent definitions:

A. When used in Part I - Liability To Others, **insured** means:
   1. **You** with respect to an **insured auto**.
   2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:
      (a) A person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
      (b) A person, other than one of **your** employees, partners (if **you** are a partnership), members (if **you** are a limited liability company), officers or directors (if **you** are a corporation), or a lessee or borrower or any of their employees, while he or she is moving property to or from an **insured auto**.
      (c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed unless the **insured auto** is a **trailer** connected to a power unit that is an **insured auto**.  However, this exception does not apply if the **insured auto is specifically described on the declarations page.**
      For purposes of this subsection A.2., an insured auto **you own** includes any auto specifically described on the declarations page.
   3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others.

If we make a filing or submit a certificate of insurance on your behalf with a regulatory or governmental agency, the term "insured" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

B. When used in Part I - Liability To Others, insured auto also includes:
1. Trailers designed primarily for travel on public roads, while connected to your insured auto that is a power unit;
2. Mobile equipment while being carried or towed by an insured auto; and
3. Any temporary substitute auto.

(Dkt. No. 67, Ex. J, at 6-7)(emphasis in original).

UFCC Policy Number 02474899-0 contains, in pertinent part, the following

Cancellation and Nonrenewal Endorsement:

## CANCELLATION AND NONRENEWAL ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

. . .

## CANCELLATION

. . .

**We** may cancel this policy by mailing a notice of cancellation to the named insured shown on the **Declarations Page** and any lienholder or loss payee named in the policy at the last known address appearing in **our** records.  If **we** cancel this policy at any time due to nonpayment of premium, notice of cancellation will be mailed at least 10 days before the effective date of cancellation.  Notice of cancellation due to any reason other than nonpayment of premium will be mailed at least 20 days before the effective date of cancellation.

(Dkt. No. 67, Ex. A, at 45-46)(emphasis in original).

On August 29, 2014, separate defendants Clint Frye and Kenneth Hightower filed a complaint in the Circuit Court of Van Buren County, Arkansas, Case No. 71-CV-14-115, against Mr. Pearson and Mr. Hickman (Dkt. No. 67, Ex. M).  In their complaint, Mr. Frye and Mr. Hightower allege that Mr. Hickman was negligent in operating the tractor-trailer, that Mr.

Hickman's negligence caused Mr. Frye and Mr. Hightower's injuries, and that Mr. Pearson, as Mr. Hickman's employer, is vicariously liable for Mr. Hickman's negligence (*Id.*, ¶ 14).  UFCC is providing Mr. Pearson and Mr. Hickman a defense in the Van Buren County, Arkansas, lawsuit under a reservation of rights (Dkt. No. 67, Ex. N).

## II.     Procedural Background

UFCC initially filed this lawsuit on April 3, 2015 (Dkt. No. 1) and then filed an amended complaint on May 18, 2015 (Dkt No. 16).   Since that time, some named defendants have appeared in the action and some have not.   In addition, UFCC has voluntarily dismissed multiple defendants and moved for default judgment as to multiple defendants.   The Court granted motions to dismiss voluntarily defendants Bitco General Insurance Corporation (Dkt. No. 11), Travelers Property and Casualty Company of America (Dkt. No. 45), and Johnathan Henson and John Marple (Dkt. No. 53).   With this Order, the Court also grants the motion to dismiss voluntarily separate defendants Luis Garza, Mariano Hernandez, Mobley Construction Co., Alberto Iscamilla, Jose Pelcastre, and Abel Salazar (Dkt. No. 64).

UFCC has moved for default judgment against Timothy Champion (Dkt. No. 38); Daniel Hankins (Dkt. No. 40); Cody Webster (Dkt. No. 42); Derek Brammer, Bradley Deaver, Perry Fondrew, Kenneth Hightower, Austin Kosier, Ethan Tew, and Juan Torres (Dkt. No. 46); Evelyn Bates as Co-Administrator of the Estate of Hubert Keith Moore, Clint Frye, Jerry Hickman, Patricia Moore as Co-Administrator of the Estate of Hubert Keith Moore, and Fernando Rocha (Dkt. No. 55); and Miguel Figueroo as Co-Administrator of the Estate of Recardo Trochez, Don Allen Pearson, and Juan Buatista Trochez as Co-Administrator of the Estate of Recardo Trochez (Dkt. No. 62).   The Court denied without prejudice these motions (Dkt. Nos. 38, 40, 42, 46, 55, and 62) because UFCC failed to comply with Federal Rule of Civil Procedure 55 when filing the

motions for default (Dkt. No. 69).   UFCC then re-filed its motions for default judgment as against Evelyn Bates as Co-Administrator of the Estate of Hubert Keith Moore, Derek Brammer, Timothy Champion, Bradley Deaver, Miguel Figueroo as Co-Administrator of the Estate of Recardo Trochez, Perry Fondrew, Clint Frye, Daniel Hankins, Jerry Hickman, Kenneth Hightower, Austin Kosier, Patricia Moore as Co-Administrator of the Estate of Hubert Keith Moore, Don Allen Pearson, Fernando Rocha, Ethan Tew, Juan Torres, Juan Buatista Trochez as Co-Administrator of the Estate of Recardo Trochez, and Cody Webster in compliance with Rule 55 (Dkt. No. 70).   That motion is currently pending.   On February 3, 2016, UFCC filed the motion for summary judgment that is the subject of this Order (Dkt. No. 65).

### III.    Legal Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact in dispute and that the defendant is entitled to entry of judgment as a matter of law.   Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party.   *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).   "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law."   *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).   However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.   *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).   The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact.   *Celotex Corp.*, 477 U.S. at 323.   The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.   *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008).   "The evidence of the non-

movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

IV.     **Analysis**

A.     **Motion For Summary Judgment**

The Court's analysis of this action involving an insurance policy contract is governed by Arkansas law, as this Court is required to look to the substantive law of the state in which it sits in a case involving diversity of citizenship jurisdiction. *See Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938). In its amended complaint, UFCC asks the Court to declare the rights and other legal relations of the various parties with respect to two insurance policies issued by UFCC to Mr. Pearson (Dkt. No. 16). UFCC contends that "[a]pplying the plain language of the relevant insurance policies in light of the undisputed facts of this case, the Court should grant UFCC's motion for summary judgment." (Dkt. No. 66, at 1). Specifically, UFCC requests that the Court find that neither of the UFCC policies at issue affords any liability coverage for the June 2, 2014, accident and that UFCC has no obligation to provide a defense for Mr. Pearson or Mr. Hickman in the lawsuit filed against Mr. Pearson and Mr. Hickman by defendants Mr. Frye and Mr. Hightower in Van Buren County, Arkansas, or in any other lawsuit that has been or may be filed as a result of the June 2, 2014, accident (Dkt. No. 66, at 1).

UFCC asserts that "[t]he language in an insurance policy is to be construed in its plain, ordinary, and popular sense." *Farmers Ins. Exchange v. Bradford*, 60 S.W.3d 810, 813 (Ark. App. 2015). "Different clauses of an insurance contract must be read together and the contract construed so that all of its parts harmonize." *Id.* "If a provision is unambiguous, and only one reasonable interpretation is possible, this court will give effect to the plain language of the policy without resorting to the rules of construction." *Id.*

### 1.   Policy Number 02474899-0

Initially, Mr. Pearson had a commercial auto policy, Policy Number 02474899-0, with UFCC for the policy period of November 4, 2013, through November 4, 2014 (Dkt. No. 67, Ex. B).  Mr. Pearson failed to pay the premiums owed, and UFCC/Progressive sent to Mr. Pearson a cancellation notice on March 13, 2014, which read, in pertinent part, as follows:  "Unfortunately, we didn't receive your payment and, as a result, your policy will be canceled at 12:01 a.m. on March 25, 2014.  Please know that this means you will no longer have insurance coverage." (*Id.*, Ex. C).  The cancellation notice stated, however, that Mr. Pearson could avoid a lapse in coverage by making his payment prior to the March 25, 2014, cancellation deadline (*Id.*).  UFCC further contends, and the undisputed facts show, that Mr. Pearson did not make the required payment before the deadline.  Subsequently, UFCC/Progressive sent to Mr. Pearson two final bills, both of which UFCC says explicitly stated that Mr. Pearson no longer had insurance under Policy Number 02474899-0, effective March 25, 2014 (*Id.*, ¶¶ 3, 4; Exs. D, E).

UFCC argues that Progressive's cancellation of Mr. Pearson's policy was effective because Progressive fully complied with Arkansas law and the Cancellation and Nonrenewal Endorsement included in UFCC Policy Number 02474899-0.  Ark. Code Ann. § 23-66-206(9); (Dkt. No. 67, Ex. A, at 45-46).  As a result, UFCC further asserts that "it is undisputed that UFCC cancelled Policy Number 02474899-0 before the June 2, 2014, accident, and, as a result, the only policy that could possibly provide coverage for the June 2, 2014, accident is UFCC Policy Number 03150888-0." (Dkt. No. 66, at 5).

Given the undisputed facts in the case, the pleadings, and the exhibits thereto, this Court agrees.  The language in the policy, specifically the Cancellation and Nonrenewal Endorsement for Policy Number 02474899-0, is clear and unambiguous, and the Court sees only one

reasonable interpretation of the date on which coverage under the policy ended (Dkt. No. 67, Ex. A, at 45-46). Therefore, the Court will credit the plain meaning of the policy to find that the policy was effectively cancelled, and coverage under the policy ended, before the June 2, 2014, accident. *See Farmers Ins. Exchange*, 60 S.W.3d at 813.

## 2. Policy Number 03150888-0

UFCC Policy Number 03150888-0 states that the policy "applies only to accidents and losses occurring during the policy period shown on the declarations page." (Dkt. No. 67, Ex. K). The declarations page for UFCC Policy Number 03150888-0 provides as follows: "Your coverage began the later of June 2, 2014, at 12:01 a.m., or at the time your application is executed on the first day of the policy period." (*Id.*). It is undisputed that the application for insurance, which UFCC sent to Mr. Pearson for his signature, shows the effective date and time for UFCC Policy Number 03150888-0 as June 2, 2014, at 7:26 p.m. EST (Dkt. No. 67, Ex. L). As a result, coverage under UFCC Policy Number 03150888-0 did not begin until June 2, 2014, at 7:26 p.m. EST.

The underlying accident, for which Mr. Pearson and Mr. Hickman seek coverage, occurred on June 2, 2014, at 3:11 p.m. CST. (*Id.*, ¶ 5). UFCC contends that, because the accident occurred several hours prior to the start of coverage under UFCC Policy Number 03150888-0, there is no coverage under UFCC Policy Number 03150888-0 for the June 2, 2014, accident and any and all claims arising therefrom.

This Court interprets the unambiguous language from the application for insurance by looking at its plain meaning. As a result, this Court finds that the effective date and time for Policy Number 03150888-0, and coverage under that policy, was June 2, 2014, at 7:26 p.m. EST,

which is after the accident at issue in this matter.  No coverage for the accident existed under Policy Number 03150888-0 based upon the language from the application.

UFCC bolsters its assertion that there was no coverage for the June 2, 2014, accident under UFCC Policy Number 03150888-0 by arguing that UFCC Policy Number 03150888-0 provides liability coverage only for the named insured shown on the declarations page of the policy with respect to an insured auto and for any other person while using, with the named insured's permission and within the scope of that permission, the named insured's auto (Dkt. No. 67, Ex. K).  Mr. Hickman, who at the time of the accident was driving the 1993 Peterbilt tractor-trailer, which was owned by Mr. Pearson, was not listed as a rated driver on the declarations page for UFCC Policy Number 03150888-0 (*Id.*, Ex. K; ¶ 10).  Further, the undisputed facts show that, at the time the accident occurred, Mr. Hickman was not Mr. Pearson's employee, did not have Mr. Pearson's permission to operate the tractor-trailer, and was not operating the tractor-trailer at the behest of Mr. Pearson (*Id.*, ¶ 6).

Policy Number 03150888-0 contains the following insuring agreement:

INSURING AGREEMENT - LIABILITY TO OTHERS

Subject to the Limits of Liability, if you pay the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution cost or expense, for which **an insured** becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto. However, **we will only pay for the covered pollution cost or expense if the same accident also caused bodily injury or property damage to which this insurance applies.**

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

(Dkt. No. 67, Ex. J, at 6)(emphasis in original).

For these reasons, the Court finds that there is no coverage under UFCC Policy Number 03150888-0 for the June 2, 2014, accident involving the 1993 Peterbilt tractor-trailer and any and all claims against Mr. Hickman and/or Mr. Pearson arising therefrom.

Thus, based on the record before it, the Court finds that no coverage provided by UFCC existed for the June 2, 2014, accident.  The evidence in this matter, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact in dispute and that UFCC is entitled to entry of judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp.*, 477 U.S. at 322.  Therefore, the Court grants UFCC's motion for summary judgment (Dkt. No. 65).

### B.      Motion To Dismiss Voluntarily And Motion For Default Judgment

Because the Court has granted UFCC's motion for summary judgment in this matter, the Court denies the pending motion to dismiss voluntarily separate defendants and the motion for default judgment as moot (Dkt. Nos. 64, 70).

### V.      Conclusion

Based on the foregoing analysis, the Court grants UFCC's motion for summary judgment (Dkt. No. 65) and denies as moot all other pending motions (Dkt. Nos. 64, 70).  It is the finding of this Court that neither UFCC policy at issue affords liability coverage for the June 2, 2014, accident and that UFCC has no obligation to provide a defense for Mr. Pearson or Mr. Hickman in the Van Buren County, Arkansas, lawsuit filed against them or in any other lawsuit that has been or may be filed as a result of the June 2, 2014, accident.

The Court declines at this time to award UFCC its costs and attorney's fees in defending Mr. Pearson and Mr. Hickman in the Van Buren County, Arkansas, lawsuit and its costs and attorney's fees incurred in prosecuting this action in accordance with 28 U.S.C. § 2202 and Ark.

Code Ann. § 16-111-101 *et seq.*  Accordingly, the Court denies without prejudice the request for costs and attorneys' fees.  To the extent UFCC wishes to pursue its request for costs and attorneys' fees, it may file supplemental briefing, including a discussion of authorities and an itemized request  for such costs and fees, within 14 days of the entry of this Order.

So ordered this 16th day of September, 2016.

Kristine G. Baker
United States District Judge